UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **HYLTON W. HANSON, JR.** | * | **CIVIL ACTION NO. 10-1323** |
| **VERSUS** | * | **JUDGE TOM STAGG** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [doc. # 20] filed by plaintiff Hylton W. Hanson, Jr. pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the fee request in principle, but, after court inquiry, opposes the motion insofar as it seeks fees computed at a rate in excess of $150 per hour. *See* Def. Response to Order [doc. # 24].[1] As further explained below, it is recommended that the motion be GRANTED IN PART, and that the Commissioner be ordered to pay attorney's fees in the amount of $5,962.50 (39.75 hours at $150.00 per hour), plus $350 for the cost of the filing

---

[1] In connection with the motion, the parties submitted a stipulation and proposed order wherein the Commissioner initially agreed, *inter alia*, to pay attorneys' fees in the amount of $6,963.80 for 39.75 hours of work, which resulted in an hourly rate of $175.19. *See* Stipulation and Order [doc. # 22]. However, because the resulting hourly rate would significantly exceed this district's customary rate of $150 per hour in social security cases, the court directed the parties to address why this case warranted a departure from this district's accepted practice. (Feb. 21, 2012, Order [doc. # 23]). On February 27, 2012, the Commissioner ascribed the $175.19 hourly rate that would result from the parties' stipulation to an unintentional mathematical error on his part. (Def. Response [doc. # 24]). The Commissioner added that there was no cause for exceeding the district's normal hourly rate. *Id.*

On March 1, 2012, plaintiff submitted a reply memorandum, wherein he maintained that an hourly rate of $175.19 is justified in this case. (Pl. Reply [doc. # 25]).

fee.

I. **EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[2] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

II. **Hourly Rate**

The EAJA provides in relevant part that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead

---

[2] On January 20, 2012, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 19]).

should be calculated *"only to the extent necessary to ensure an adequate source of representation."* *Id*. (emphasis added).

In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. *See Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment).

Plaintiff argues that since the time of the court's ruling in *Williams*, the rise in the cost of living warrants an increase in the hourly rate to $175.19. The court disagrees. There is no indication that a rate increase is necessary to ensure adequate sources of representation in this area. *Baker, supra*. Thus, plaintiff's citation to *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011) – a Seventh Circuit decision addressing an appeal from the Southern District of Indiana, sitting in Indianapolis – is inapposite. Furthermore, although it appears that the Commissioner also failed to object to an hourly rate that exceeded $150 in another case in this district, *Petro v. Astrue*, there is no indication that, in granting the parties' joint stipulation, the court intended to upwardly modify the district's prevailing rate of $150 per hour. *See Petro v. Astrue*, Civil Action No. 10-0663 (W.D. La.) (Jan. 10, 2012, Stipulation & Order [doc. # 29]). Accordingly, plaintiff's claimed hourly rate will be reduced to $150.

### III. Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award

accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

   Plaintiff's attorneys assert that they expended a total of 39.75 hours on this case. The Commissioner did not object. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable in the amount of time spent on the services performed.

**IV.** **Expenses and Costs**

   Taxation of costs under 28 U.S.C. § 1920 is authorized under EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee. 28 U.S.C. § 1920(a)(1). Here, plaintiff seeks to recover $350 for the filing fee. The Commissioner did not object. Accordingly, the court finds that the requested cost is reasonable and necessary.

**V.** **Check Payable to Plaintiff**

   Plaintiff's counsel contends that because plaintiff assigned his right to attorney's fees to counsel, any payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt. However, this court has held that the Commissioner should issue the check made payable to plaintiff, but deliver the check to plaintiff's counsel. *McLeland v. Astrue*, Civil Action No. 09-0219 (W.D. La. 9/13/2010) [doc. #s 44-5] (James, CJ.). The same result is compelled here. Accordingly,

   IT IS RECOMMENDED that the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [doc. # 20] be GRANTED IN PART, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Hylton W. Hanson, Jr. for attorney fees in the amount of $5,962.50 (39.75 hours at $150.00 per hour), plus $350 for the

cost of the filing fee.

IT IS FURTHER RECOMMENDED that the motion [doc. # 20] otherwise be DENIED.

IT IS FURTHER RECOMMENDED that if an application for attorney's fees is made before this court under 42 U.S.C. § 406(b), counsel for plaintiff is granted an extension of thirty (30) days from receipt of the Notice of Award within which to submit the fee application under the Social Security Act.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 20th day of March 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE